## Bates, Appellant, *v.* Kick et ux.

*Judgments—Opening judgments—Discretion of court.*

An application to open a judgment, entered upon a warrant of attorney, is addressed to the discretion of the court and is to be disposed of according to equitable principles. The judge to whom the application is made acts as a chancellor and, on an appeal from his decree, an appellate court will only inquire whether or not his discretion has been rightfully exercised.

Where there is contradictory evidence and more than oath against oath, it is for the judge to determine in whose favor the scale turns. Where there is no proof of abuse of discretion the decision of the lower court will be affirmed.

Argued April 30, 1924. Appeal, No. 130, April T., 1924, by plaintiff, from order of C. P. Allegheny Co., July T., 1923, No. 85, making absolute rule to open judgment in the case of I. F. Bates v. F. Kick and Adele E. Kick. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Francis A. Wolf,* and with him *Oscar G. Meyer,* for appellant.

*Ben Paul Brasley,* and with him *M. Mandelbaum,* for appellees.

OPINION BY HENDERSON, J., July 2, 1924:

This is an appeal from a decree opening a judgment on an allegation of fraud on the part of the plaintiff.   Application to open a judgment entered on a warrant of attorney is addressed to the discretion of the court and is to be disposed of according to equitable principles. The judge to whom the application is made acts as a chancellor and on an appeal from his decree we are only required to inquire whether his discretion has been rightfully exercised.   Where there is contradictory evidence and more than oath against oath, it is for the judge to determine in whose favor the scale turns.   The case as disclosed by the evidence, seems to be one proper for the consideration of a jury and the decree of the court is therefore affirmed at the cost of the appellant.